IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,      No. 4:18CR00607-BRW


v.


VALEN RAY GILMER,                   Thursday, July 2, 2020
                                    Little Rock, Arkansas
                                    2:09 p.m.
                    Defendant.


**TRANSCRIPT OF CHANGE OF PLEA HEARING**
BEFORE THE HONORABLE BILLY ROY WILSON,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

On Behalf of the Plaintiff:

     MS. AMANDA FIELDS, Assistant United States Attorney
       United States Attorney's Office
       Eastern District of Arkansas
       Post Office Box 1229
       Little Rock, Arkansas 72203-1229


On Behalf of the Defendant:

     MS. LATRECE E. GRAY, Assistant Federal Public Defender
       Federal Public Defenders Office
       1401 West Capitol Avenue, Suite 490
       Little Rock, Arkansas  72201


Defendant present (by video)


     Proceedings reported by machine stenography and displayed
in realtime; transcript prepared utilizing computer-aided

Elaine Hinson, RMR, CRR, CCR
United States Court Reporter

P R O C E E D I N G S

THE COURT:  This is U.S. against Valen Ray Gilmer, Case No. 4:18CR00607.  Mr. Gilmer is here by television.  Ms. Gray is his lawyer.  And the prosecution is Ms. Fields.

Are the parties ready?

MS. FIELDS:  Yes, Your Honor.

MS. GRAY:  Yes, Your Honor.

THE COURT:  All right.  Will you swear the accused person.

(Defendant sworn.)

THE COURT:  Since you are under oath, if you told me anything that wasn't true, you would be subject to being prosecuted for perjury or false statement.  And if you got convicted of that, that would be separate and apart from this charge you plan on -- whatever you might get on this charge you plan on pleading guilty to.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm not saying that because I think you are not going to tell me the truth, but I'm obliged to warn you.

THE DEFENDANT:  Yes, sir.

THE COURT:  What's your full name, please?

THE DEFENDANT:  Valen Ray Gilmer.

THE COURT:  How old are you?

THE DEFENDANT:  Twenty-nine.

THE COURT:  How much education do you have?

THE DEFENDANT:  I completed the eleventh grade.

THE COURT:  Do you read, write and understand English well?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you feel like that your mind is clear today?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you under the influence of any kind of drug or alcohol or anything that might affect your thinking?

THE DEFENDANT:  No, sir.

THE COURT:  Have you had all the time you need to talk with your lawyer about what it means to plead guilty to this felony?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you gone over the federal sentencing guidelines with your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you feel like you understand them in a general way?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  I'll ask the defense counsel, Ms. Gray, have you had a meaningful conversation with your client today?

MS. GRAY:  Yes, Your Honor.

THE COURT:  Do you feel like he's fully at himself and

knows what's going on?

MS. GRAY:  Yes.

THE COURT:  Have you talked to him about waiving a grand jury?

MS. GRAY:  Yes.

THE COURT:  All right.  I find that Mr. Gilmer is competent to go forward with the proposed plea.

Are you satisfied with Ms. Gray as your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  One hundred percent?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you had any dissatisfaction at all, now would be the time to tell me.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Again, I want to tell you any statement you make at this hearing, anything that was not true, you could be charged with false swearing or perjury.  Do you understand that?  You told me you understand that.

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Do you realize that you have a right to have your case taken to a grand jury to find out if a grand jury would decide whether or not there's probable cause to proceed against you on this felony?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you want to waive that right to a grand

jury hearing?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Ms. Gray, have you gone over this waiver carefully with your client?

MS. GRAY:  Yes, Your Honor.

THE COURT:  All right.  Do you agree that he understands he's waiving it?

MS. GRAY:  Yes.

THE COURT:  Do we have a waiver?

MS. GRAY:  We do not have one signed by Mr. Gilmer, Your Honor.  We have a waiver, but it doesn't have a signature on it.  We were hoping the Court could take a waiver verbally.

THE COURT:  Mr. Gilmer, are you willing to waive your actual signature and let your lawyer sign this waiver of a right to a grand jury hearing for you?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  It looks like she's doing that.

MS. GRAY:  May I approach, Your Honor?

THE COURT:  You may.

All right.  This waiver has been signed by your lawyer, and your lawyer has signed for you with your permission.  And now I'm going to sign it.

THE DEFENDANT:  Yes, sir.

THE COURT:  So I'll ask the courtroom deputy to file

the information.

All right.  I'm going to summarize the charges against you, Mr. Gilmer.

THE DEFENDANT:  Yes, sir.

THE COURT:  Count 1:  On about October 23, 2018, in the Eastern District of Arkansas, Mr. Gilmer, who was a convicted felon and knew that he was a convicted felon, did knowingly possess, in and affecting commerce, one or more firearms; to wit, a Zastava Model PAP M92PV rifle; a KelTec 12-gauge shotgun; a Llama .380-caliber pistol; a Walther .22-caliber pistol; and one or more rounds of ammunition.  And this violated 18 United States Code, Section 922(g)(1).

The maximum penalty, according to my outline, is not more than 10 years, a $250,000 fine, or both of those maximums, a special assessment of a hundred dollars and supervised release of not more than three years.

Now, what about this Armed Career Criminal Act?  Is he subject to that?

MS. FIELDS:  Your Honor, I do not believe it applies.

MS. GRAY:  And I do not believe it applies either, Your Honor.

THE COURT:  All right.  Mr. Gilmer, I'm going to go over certain rights that you have.  You can plead guilty, not guilty, or with the consent of the Court, you can plead no contest.  If you plead not guilty, you have several rights.  You

would be presumed innocent unless and until the prosecution could prove you guilty beyond a reasonable doubt.  You have a right to a lawyer.  You have Ms. Gray, and she would be with you at every critical stage of the proceeding, including at a jury trial if you wanted a jury trial.  You would have a right to a trial by a jury of your peers.  That is 12 randomly selected voters of this division of this district.  And at that trial you could confront your accusers.  And through Ms. Gray, you could cross-examine them.  And y'all could examine other evidence offered by the government to see if an objection would be in order.

Then, when the government finished presenting its case and rested, if you wanted to, but only if you wanted to, you could present evidence.  And I say only if you wanted to because there's no burden on you to prove anything or produce any evidence.  The burden of proving you guilty beyond a reasonable doubt stays with the prosecution throughout the trial.  It never shifts to you.  But, as I said, if you wanted to, you could present evidence.  You could be sworn and testify in your own defense.  On the other hand, if you wanted to present other evidence but didn't want to testify, you would have a right to remain silent under the Fifth Amendment to the federal Constitution.  And if you remained silent, the prosecutor couldn't say anything negative about it in front of the jury. And I would instruct the jury that it couldn't hold it against

you in any way the fact that you had remained silent.

But if you plead guilty and I accept your plea of guilty, you will be convicted on that plea, because a plea of guilty in open court is the strongest proof known to the law.  If you plead guilty and I accept it, you will give up those rights I just told you about.  And to a certain extent, you will give up your Fifth Amendment right, because near the end of this hearing, I'll ask the prosecutor to outline what she thinks she could prove against you.  And then I'll ask you some questions about that and make sure that you agree that they could prove that against you.  And if you didn't tell me the truth in that, you would be subject again to prosecution for false swearing or perjury.  Now, you understand that you will be convicted on your plea of guilty if I accept it.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  There won't be any other proceeding to determine whether you are guilty or not guilty.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  We'll go on to sentencing on down the line in a few months.  The federal sentencing guidelines are pretty complicated in my opinion, a little complex.  If your guideline range turns out to be higher than you thought it was going to be or higher than your lawyer said it was going to be, that would not give you the right to withdraw your plea of guilty.  Do you

understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  As I understand it, there's no plea agreement in this case.  Is that correct?

MS. GRAY:  Yes, Your Honor.

MS. FIELDS:  Yes, Your Honor.

THE COURT:  All right.  Let's have the prosecutor tell us what she thinks she could prove if this case went to trial.

MS. FIELDS:  Your Honor, at trial -- would you prefer that I stay at the table or go to the podium?

THE COURT:  Come up here if you will.

MS. FIELDS:  Yes, sir.

Your Honor, at trial the United States would prove that on October the 23rd, 2018, at approximately 5:46 p.m., North Little Rock Police Officer Tyler Barber conducted a traffic stop on a vehicle for having an expired temporary license plate.  Officer Barber made contact with the driver, Margaret Russell; the front seat passenger, the defendant, Valen Gilmer; and a juvenile in the back seat.

During the stop, Officer Barber detected an odor of marijuana.  Based on the odor, Officer Barber searched the vehicle.  The back seat passenger admitted to smoking marijuana recently and said that that was most likely the cause of the odor.  Officer Barber also checked Mr. Gilmer's criminal history and learned that he was on probation with the State of Arkansas

and had a search waiver on file.

Officers transported Mr. Gilmer to his residence, located at 920 Greenlea Drive, North Little Rock, Arkansas.  Upon arrival, Officer Barber made contact with Mr. Gilmer's grandmother, Beula Gilmer.  Ms. Gilmer confirmed only she and the defendant lived at the residence.  She agreed to let officers inside the home to conduct a search and directed them to Mr. Gilmer's bedroom.

When Officer Barber entered Mr. Gilmer's bedroom, he observed a KelTec Model KSG 12-gauge shotgun, bearing Serial No. XMH10, and a Walther .22-caliber pistol, Uzi, bearing Serial No. W1023944, lying on the bed in plain sight.  Officer Barber lifted a blanket on the bed and discovered a Zastava 7.62 by 39-millimeter rifle, Model PAP M92PV, bearing Serial No. M92PV061864, with two 30-round magazines that were taped together.

North Little Rock Police Officer James Edwards assisted with the search of Mr. Gilmer's residence.  Inside the bedroom closet, Officer Edwards located a Llama .380-caliber pistol, bearing Serial No. A07468, and assorted rounds of ammunition. Additionally, he located a high-capacity drum magazine, several rounds of .40-caliber ammunition and a .40-caliber extended magazine.  In total, officers recovered 483 rounds of assorted calibers of ammunition from Mr. Gilmer's bedroom.

Subsequently, ATF TFO Michael Gibbons conducted a recorded

interview of the defendant.  After being advised of his *Miranda* rights, Mr. Gilmer acknowledged that he understood his rights and provided a statement regarding the firearms located in his residence.  Mr. Gilmer stated that all of the firearms and ammunition inside his bedroom belonged to him.  He stated that he purchased the firearms at various gun shows and that he purchased the ammunition from various stores.  Mr. Gilmer acknowledged that he was on probation, a convicted felon and knew that it was illegal for him to purchase or possess firearms.

The firearms recovered from Mr. Gilmer's bedroom functioned as designed.  The firearms and ammunition were not manufactured in the State of Arkansas and traveled in interstate commerce either before or during the defendant's possession of them.

At the time of the defendant's possession of the firearms and ammunition, the defendant had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, as listed in the superseding information.

That is what the United States would prove at trial.

THE COURT:  All right.  Mr. Gilmer, did you hear everything the prosecutor just read?

THE DEFENDANT:  Yes, sir.  Yes, sir, I did.

THE COURT:  Okay.  Do you have any questions that you want to ask me, or do you want to talk to your lawyer some more before I ask you how you plead?

THE DEFENDANT:  No, sir.  No, sir.

THE COURT:  All right.  How do you plead to the charge that I summarized earlier?

THE DEFENDANT:  I would like to plead guilty, sir.

THE COURT:  Is that because you are in truth and in fact guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Was everything that the prosecutor read, was that accurate?

THE DEFENDANT:  No, sir.  No, sir.

THE COURT:  It was not accurate?

THE DEFENDANT:  No.  It was accurate.  It was accurate.

THE COURT:  Was there anything that was wrong in what she read?  Was there any facts that were wrong?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  Ms. Gray, do you know any reason I shouldn't accept this guilty plea?

MS. GRAY:  No, Your Honor.

THE COURT:  All right.  I find the offense charged in Count 1 was committed and that Mr. Gilmer, who is before me, actually committed this crime.  I further find that he's entering this plea voluntarily with full knowledge of the facts, and the plea of guilty is accepted.

Are there any motions that need to be made?

MS. FIELDS:  Your Honor, the United States would move to dismiss the indictment that was pending in this case.

THE COURT:  Was it against Mr. Gilmer only?

MS. FIELDS:  Yes, sir.  It was only against Mr. Gilmer.  And that's based on his plea to the superseding information.

THE COURT:  Granted.  Is there anything else we need to take up before we set a sentencing date?

MS. GRAY:  Not from the defense, Your Honor.

MS. FIELDS:  And nothing else from the United States.

THE COURT:  All right.

COURTROOM DEPUTY:  Sentencing will be Thursday, October 15th, 2020, at 1:30 p.m., Thursday, October 15th, 2020, at 1:30 p.m.

THE COURT:  Is that Thursday, October the 15th, 2020, at 1:30 p.m.?

COURTROOM DEPUTY:  Yes, sir.

THE COURT:  Do both counsel have that down carefully?

MS. GRAY:  Yes, Your Honor.

MS. FIELDS:  Yes, Your Honor.

THE COURT:  Is there anything else we need to tend to?

MS. GRAY:  No, Your Honor.

MS. FIELDS:  No, Your Honor.

THE COURT:  We're in recess.  Y'all can be at ease. Be at ease.

MS. FIELDS:  Thank you, Judge.

THE COURT:  Mr. Gilmer, thank you.

THE DEFENDANT:  Yes, sir.

(Proceedings concluded at 2:31 p.m.)

REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/Elaine Hinson, RMR, CRR, CCR      Date: December 21, 2020.
United States Court Reporter

Elaine Hinson, RMR, CRR, CCR
United States Court Reporter