# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3378                                    4:18-cr-00607-BRW

_____

United States of America

*Plaintiff - Appellee*

v.

Valen Ray Gilmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 18, 2021
Filed: December 14, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Valen Ray Gilmer pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Gilmer's first sentencing hearing, the government asked the district court to vary upward from the 37- to 46-month sentencing range under the U.S. Sentencing Guidelines (Guidelines). After indicating that it was considering sentencing him above the Guidelines range, the district court

Appellate Case: 20-3378   Page: 1   Date Filed: 12/14/2021 Entry ID: 5107650

continued the hearing to allow Gilmer time to respond.  At the second hearing, the district court[1] imposed the sentence the government requested: 72 months' imprisonment.  We affirm.

Gilmer argues that the district court failed to adequately explain its reasoning for varying upward and that it thus imposed a procedurally unreasonable sentence. Because Gilmer did not object to the adequacy of the district court's explanation at sentencing, we review only for plain error.  See United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014).  The court twice stated—once each in the initial and final hearings—that it had reviewed and considered the appropriate 18 U.S.C. § 3553(a) factors in determining Gilmer's sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)) (A district court need not mechanically list each relevant factor; "[r]ather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.").  The court further explained that it had considered the parties' statements at sentencing, which included the government's argument that an upward variance was warranted because of Gilmer's extensive time on probation, his regular use of marijuana, and his admission that he had driven past a rival gang member's house wielding an allegedly fake firearm and had worn body armor during an encounter with law enforcement.  In light of those arguments, the district court determined that an upward variance was "not only justified[,] but needed" to protect the public from Gilmer.  Sentencing Tr. 12. We are satisfied from the district court's explanation that it "ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority" when it sentenced Gilmer.  See United States v. DeMarrias, 895 F.3d 570, 573 (8th Cir. 2018) (third alteration in original) (quoting United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009)).  We thus conclude that the district court did not plainly err in explaining Gilmer's sentence.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

-2-

Gilmer next argues that the district court's 72-month sentence is substantively unreasonable.  Because Gilmer objected at sentencing to the substance of his sentence, we review for abuse of discretion.  See United States v. Bertucci, 794 F.3d 925, 927 (8th Cir. 2015).  Gilmer argues that the reasons the district court stated for the variance—Gilmer's probation status, his gang affiliation, and the number and capacity of the firearms he possessed—had been contemplated by the Guidelines range and could not also constitute the basis for an upward variance.  District courts are not forbidden, however, "from determining that the weight the Guidelines assigned to a particular factor was insufficient" and varying upward, so long as they take care to avoid undermining sentencing uniformity.  United States v. Thorne, 896 F.3d 861, 865 (8th Cir. 2018) (discussing United States v. Martinez, 821 F.3d 984 (8th Cir. 2016)).  Further, the district court had heard and considered factors not accounted for by the Guidelines, both aggravating (Gilmer's pre-sentencing daily use of marijuana, as well as his unindicted possession of a .40 caliber handgun) and mitigating (his mental health history and his commitment to reform).  Because Gilmer has not shown that the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the proper factors, we conclude that the district court did not abuse its discretion by varying upward.  See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

The judgment is affirmed.

_____

-3-

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

December 14, 2021

Ms. Sylvia Talley
FEDERAL PUBLIC DEFENDER'S OFFICE
Suite 490
1401 W. Capitol
Little Rock, AR  72201-3325

      RE:  20-3378  United States v. Valen Gilmer

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                          Michael E. Gans
                          Clerk of Court

CMD

Enclosure(s)

cc:    Ms. Kristin Huntington Bryant
       Ms. Tammy H. Downs
       Ms. Amanda Dillon Fields
       Mr. Valen Ray Gilmer
       Ms. Latrece Gray

      District Court/Agency Case Number(s):  4:18-cr-00607-BRW-1

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Subject:** | 20-3378 United States v. Valen Gilmer "per curiam opinion filed" (4:18-cr-00607-BRW-1) |
| **Date:** | Tuesday, December 14, 2021 8:52:55 AM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 12/14/2021

| | |
|---|---|
| **Case Name:** | United States v. Valen Gilmer |
| **Case Number:** | 20-3378 |
| **Document(s):** | Document(s) |

**Docket Text:**
PER CURIAM OPINION FILED - THE COURT: Lavenski R. Smith, Roger L. Wollman and James B. Loken (UNPUBLISHED) [5107650] [20-3378] (Catherine Dolan)

**Notice will be electronically mailed to:**

Ms. Kristin Huntington Bryant, Assistant U.S. Attorney: Kristin.Bryant@usdoj.gov, christy.averett@usdoj.gov, stephanie.mazzanti@usdoj.gov, john.webster@usdoj.gov, leslie.bright@usdoj.gov
Ms. Tammy H. Downs, Clerk of Court: ared_appeals@ared.uscourts.gov
Ms. Amanda Dillon Fields: amanda.fields@usdoj.gov, valerie.andrews@usdoj.gov, caseview.ecf@usdoj.gov, stephanie.mazzanti@usdoj.gov, john.webster@usdoj.gov, leslie.bright@usdoj.gov
Ms. Latrece Gray, Assistant Federal Public Defender: Latrece_Gray@fd.org, caletta_jones@fd.org
Ms. Sylvia Talley, Assistant Federal Public Defender: Sylvia_Talley@fd.org

**Notice will be mailed to:**

Mr. Valen Ray Gilmer
32280-009
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Forrest City, AR 72336-9000

The following document(s) are associated with this transaction:
**Document Description:** Per Curiam Opinion filed
**Original Filename:** 203378U.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=12/14/2021] [FileNumber=5107650-0]
[c5e9400a13b07b1d570f08170effea9826c151fff186e9323f21e07366242a6d2c40fd6a5573da7f2ae174f563f42dfdde368afcff71eacaa325e9b6582eefc6]]

**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/CathyDolan_203378_5107650_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=12/14/2021] [FileNumber=5107650-1]
[0108e6a4ab71646c4f1975316947d13e8dcb074edfcf3198bcfb16e1dd299052123d63de8f5a19f503fc42b0f4e972d2f8201c654dfe6abd7da239280e9dbe2a]]
**Recipients:**

- Ms. Kristin Huntington Bryant, Assistant U.S. Attorney
- Ms. Tammy H. Downs, Clerk of Court
- Ms. Amanda Dillon Fields
- Mr. Valen Ray Gilmer
- Ms. Latrece Gray, Assistant Federal Public Defender
- Ms. Sylvia Talley, Assistant Federal Public Defender

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 5107650
**RELIEF(S) DOCKETED:**
  not for publication
**DOCKET PART(S) ADDED:** 6913123, 6913124, 6913125